# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARRIE SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-00881-CV-RK |
| AT&T, | ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO STAY

Before the Court is Plaintiff's motion to stay the case pending a ruling on her motion to remand the case to state court. (Doc. 7.) Plaintiff filed this action in state court alleging state-law employment discrimination claims. (Doc. 1-1 at 10-15.) Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1.) Plaintiff has moved to remand the case for failure to meet the amount-in-controversy requirement. (Doc. 6.) The present motion argues that it would be "premature" for the case to proceed in the normal course until the Court determines whether it has jurisdiction. (Doc. 7 ¶ 4.) After careful consideration, the motion to stay is **DENIED**.

The Court has discretion to grant or deny a stay "'in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.'" *Curry v. Pleasurecraft Marine Engine Co.*, No. 13-03139-CV-S-GAF, 2013 WL 12205046, at *1 (W.D. Mo. May 28, 2013) (quoting *Webb v. R. Rowland & Co.*, 800 F.2d 803, 808 (8th Cir. 1986)). "Whether the Court has subject-matter jurisdiction should be addressed before the Court decides the merits of Plaintiff's Petition." *Id.* However, good cause must be shown to obtain a stay pending a ruling on a motion to remand. *Id.* The filing of a motion to remand by itself is not enough for a stay. *Ereth v. GMRI, Inc.*, No. 17-0694-CV-W-FJG, 2017 WL 6316645, at *3 (W.D. Mo. Dec. 11, 2017) ("such stays are not the practice of this division . . . .") A stay is extraordinary relief, and the requesting party "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-CV-00005-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (the "likelihood of success on the underlying motion" is a factor).

Here, Plaintiff has not carried her burden of showing that a stay is necessary. Other than pointing out that she has filed a motion to remand, Plaintiff has not specified why proceeding with

the case would be premature. Having reviewed the notice of removal, the Complaint, and the pending motions, the Court cannot say that Plaintiffs' motion to remand is so obviously likely to prevail that a stay is necessary. Accordingly, the motion to stay (Doc. 7) is **DENIED.**

    **IT IS SO ORDERED.**

                                             s/ Roseann A. Ketchmark
                                             ROSEANN A. KETCHMARK, JUDGE
                                             UNITED STATES DISTRICT COURT

DATED: December 4, 2019