# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARRIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-881-RK |
| ) | |
| AT&T, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION DENYING MOTION TO REMAND

Before the Court is Plaintiff Carrie Smith's Motion to Remand. (Doc. 6.) After careful consideration and for the reasons below, Plaintiff's Motion to Remand is **DENIED**.

## Background

On July 23, 2019, Plaintiff filed her Petition against Defendant AT&T[1] in the Circuit Court of Jackson County, Missouri. (Doc. 1-1, at 3-15.) Plaintiff alleges Defendant violated the Missouri Human Rights Act by discriminating against her on the basis of age, retaliated against her, and created a hostile work environment. *Id.* On November 1, 2019, Defendant timely removed the matter to this Court based on diversity of citizenship. (Doc. 1.)

Plaintiff moves to remand this matter to state court. The parties do not dispute that diversity of citizenship is satisfied. But the Court must determine whether Defendant has demonstrated the amount in controversy and, if so, whether Plaintiff has shown, to a legal certainty, the amount in controversy cannot be met.

## Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 51 F.3d 812, 816 (8th Cir. 2009). If the case does not fall within the district court's original jurisdiction, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Removal statutes are construed against removal and in favor of remand. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 8857, 861 (8th Cir. 2002).

---

[1] According to Defendant's Notice of Removal, "AT&T" is not a business entity. However, AT&T Corp. employed Plaintiff, and therefore, responded as the defendant. (Doc. 1, at 1 n.1.)

A party may remove an action to federal court if there is complete diversity and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id*. Because Missouri does not permit a plaintiff to demand a specific sum,[2] the Court looks to the Notice of Removal to ascertain the amount in controversy.

To demonstrate the amount in controversy is met, the defendant must prove the "jurisdictional fact" by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." *Id.* Put another way, the defendant need only show a fact finder could legally award more than $75,000. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009). The defendant's burden is a pleading requirement, not a demand for proof. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

If the defendant sufficiently explains how damages plausibly exceed $75,000, a plaintiff seeking remand must establish it is legally impossible to recover more than $75,000. *Raskas*, 719 F.3d at 888. The plaintiff cannot rely on the unlikelihood of recovering more than $75,000; rather, the plaintiff must establish it is impossible to recover more than $75,000. *Id.* (citation omitted) (finding "[e]ven if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard.").

## Discussion

In her Petition, Plaintiff claims she was not offered a voluntary termination package, but employees who had not complained or filed grievances were offered such a package. (Doc. 1-1, at 8-9.) She alleges the voluntary termination package "offered employees 6 months of paid vacation as well as a $75,000.00 value." *Id*. at 9. In addition, Plaintiff seeks all remedies available under the Missouri Human Rights Act; "damages for loss of income [beginning November 19, 2018], embarrassment, humiliation, emotional distress, damage to her reputation, diminution in

---

[2] *See* Mo. R. Civ. P. 55.05 (stating "no dollar amount shall be included in the demand except to determine the proper jurisdictional authority….").

earnings capacity"; lost benefits; future wages; damages for "emotional and mental distress"; punitive damages; and attorneys' fees. *Id*. at 8, 11-15.

In the Notice of Removal, Defendant emphasizes Plaintiff's allegation that she, unlike other employees, was not offered a voluntary termination package. (Doc. 1, at 4.) Regarding her request for lost wages, Defendant represents and provides a declaration establishing Plaintiff's wages for the ten and one-half months she worked in 2018 were approximately $62,000. (Doc. #1-2, at 2.) Although Plaintiff does not quantify her emotional distress damages or punitive damages, Defendant correctly posits those damages may be considered when determining whether the amount in controversy is satisfied. *See Spight v. Caterpillar, Inc.*, No. 16-0340-ODS, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016); *Eidson v. Mw. Vet. Supply Co.*, No. 06-0454-FJG, 2006 WL 3060139, at *4 (W.D. Mo. Oct. 25, 2006). Finally, Defendant notes Plaintiff seeks recovery of her attorneys' fees. When considering the combination of Plaintiff's claims for damages, Defendant contends the amount in controversy is met.

In her Motion to Remand, Plaintiff maintains Defendant only speculates as to how the amount in controversy exceeds $75,000 and "has not proven by a preponderance of the evidence that this Court has jurisdiction." (Doc. 6, at 3, 6.) She argues Defendant's assumptions about her potential back pay, emotional distress, punitive damages, and attorneys' fees do not satisfy Defendant's burden because they are not based on specific facts. *Id*. at 3-6. However, in its Notice of Removal, Defendant sufficiently pleaded facts to show Plaintiff's damages are greater than the requisite amount in controversy, and it attached a declaration establishing Plaintiff's past wages. (Doc. 1-3.) Although not required to do so, Plaintiff did not file a reply. By failing to do so, she has not presented any argument that it is legally impossible for her to recover more than $75,000.

Plaintiff alleges she was unlawfully denied the opportunity for a voluntary termination package, which she values at $75,000. Her alleged valuation of the voluntary termination package along with any one of the types of damages she seeks (i.e., lost wages and benefits, emotional distress, lost benefits, punitive damages, attorneys' fees) satisfies the amount in controversy. For this reason alone, Plaintiff's Motion to Remand is denied.

Even if the Court were to look beyond Plaintiff's alleged denied opportunity for a voluntary termination package, the amount in controversy is still satisfied. When her employment concluded in November 2018, Plaintiff was making more than $62,000 annually. More than seventeen months have passed since her employment concluded. Thus, Plaintiff's lost income currently

3

exceeds $87,000, which alone exceeds the $75,000 jurisdictional amount. Further, this amount does not include Plaintiff's requests for front pay, lost benefits, emotional distress, punitive damages (capped at $500,000), or attorneys' fees, which are also sought in her Petition. *See Muhammad v. Pub. Storage*, No. 14-0246-CV-W-ODS, 2014 WL 2615736, at *1 (W.D. Mo. June 12, 2014) (finding the jurisdictional amount was met by the plaintiffs' request for $20,000 in compensatory damages coupled with their request for punitive damages and attorneys' fees); *Churchill in Crestwood, LLC v. Schwartz*, 2011 WL 7109212, at *4 (W.D. Mo. Jan. 27, 2011) (citation omitted) (stating "the amount in controversy is measured by the value of the right that [plaintiff] seeks to protect or the value of the object that is the subject matter of the suit."); Mo. Ann. Stat. § 213.111(2)(d) (2017) (limiting punitive damages to $500,000 for an employer with more than 500 employees).

Additionally, in response to Plaintiff's Motion to Remand, Defendant inquired if Plaintiff and her counsel would execute a binding stipulation that she and her counsel would not seek or accept a total judgment in excess. (Doc. 9, at 5-6; Doc. 9-1.) Although Defendant twice provided a draft stipulation to Plaintiff's counsel, Defendant never received a response. Moreover, no such stipulation has been filed.[3]

Based upon Plaintiff's allegations, a fact finder could legally conclude her damages exceed the requisite amount in controversy. *See Kopp*, 280 F.3d at 885; *Hartis*, 656 F.3d at 781. When aggregated, Plaintiff's alleged lost income, damages for emotional distress, punitive damages, and attorneys' fees could be well above $75,000. Defendant met its burden of demonstrating Plaintiff could plausibly recover more than $75,000. And Plaintiff has not demonstrated it is legally impossible for her to recover more than $75,000 on her personal injury claim. Accordingly, the Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 29, 2020

---

[3] The Court notes, however, a post-removal stipulation of damages to less than a jurisdictional amount does not defeat federal jurisdiction. *Hatridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969).