IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARRIE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-00881-CV-RK |
| | ) |
| AT&T, | ) |
| | ) |
| Defendant. | ) |

## ORDER REGARDING DISCOVERY DISPUTE

Before the Court is the parties' dispute over the discoverability of Plaintiff Carrie Smith's medical records. For the reasons below, the Court **ORDERS** Plaintiff to produce or authorize production of her medical records relating to her anxiety and depression.

### Background

Plaintiff filed this employment discrimination case in state court, and Defendant removed the case to this Court on the basis of diversity jurisdiction. (*See generally* Doc. 15, Order Denying Plaintiff's Motion to Remand.) According to the Amended Complaint, Plaintiff was a customer service representative for Defendant. (Doc. 28.) She alleges Defendant violated the Missouri Human Rights Act ("MHRA") by creating a hostile work environment, discriminating against her based on her age and her disabilities of chronic anxiety and depression, retaliating against her for filing grievances, and constructively discharging her. (*Id.*)

The parties raised the present discovery dispute during a routine status conference on July 16, 2020. Defendant initially requested the medical records at issue directly from Plaintiff. When that effort failed, it filed a notice of intent to subpoena two of her medical providers. (Doc. 23.) The subpoenas seek "[a]ny records pertaining to Carrie Smith (DOB: XX/XX/1963), including mental health treatment or evaluation records, psychiatric records, psychological treatment evaluation records, independent medical exam records, medical exam notes, treatment notes, therapy notes, and correspondence from January 1, 2015 to Present." (Docs. 23-1, 23-2.) Plaintiff objects to this discovery on doctor-patient privilege and overbreadth grounds.

Following brief oral arguments during the status conference, the Court directed counsel to submit their top three authorities and written arguments limited to one page to chambers by email, which has been done. (Doc. 27, Minute Entry.) The dispute is now ready for decision.

**Discussion**

**I.      Doctor-Patient Privilege**

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. This is a diversity-jurisdiction case with no federal claims, so Missouri law controls.[1] *Babbs v. Block*, No. 4:15-CV-0194-DGK, 2017 WL 1628959, at *3 (W.D. Mo. May 1, 2017). Under Missouri law, "[t]he patient can waive the statutory privilege either by express or implied waiver." *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 567 (Mo. banc 2006). "[W]here a party places his physical, mental, or emotional condition in issue by the pleadings, . . . [he] waives his physician/patient privilege," but "only to the extent that medical information relates to the condition or injury for which the employee seeks compensation." *State ex rel. Maloney v. Allen*, 26 S.W.3d 244, 248 (Mo. App. 2000).

Here, Plaintiff cites *Dean* and argues doctor-patient privilege has not been waived for all medical records sought because she seeks only "garden variety" emotional distress damages and does not intend to call a medical expert at trial.[2] In *Dean*, the Supreme Court of Missouri held that the plaintiff did not place her mental condition in issue simply by seeking garden variety emotional distress damages. 182 S.W.3d at 567. The Court reasoned that garden variety emotional distress damages do not require any proof of a "medically or psychologically diagnosable mental or physical condition." *Id.* As a result, the plaintiff's "particular past or present mental condition, in that respect, [wa]s not in controversy." *Id.*

The claims in *Dean*, however, were for sex discrimination and sexual harassment, *id.* at 563, whereas in this case, Plaintiff asserts a disability discrimination claim. Critically, the Court

---

[1] For this reason, and because federal law in this area appears to deviate from Missouri law, several of the cases cited by the parties do not apply here. *Banks v. Emp. Background Investigations*, No. 4:17-CV-01005-DGK, 2018 WL 4558477, at *1, 2 n.1 (W.D. Mo. Sept. 21, 2018) (suggesting in a case brought under the Fair Credit Reporting Act that the privilege might not have been waived had Missouri law applied); *see also Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (brought under federal law); *Johnson v. Hale*, 940 F.2d 1192, 1193 (9th Cir. 1991) (same); *Maurer v. Chico's FAS Inc.*, No. 4:13CV519 TIA, 2013 WL 6895819, at *1 (E.D. Mo. Dec. 31, 2013) (brought under federal and state law); *Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011) (applying federal law); *E.E.O.C. v. Danka Indus., Inc.*, 990 F. Supp. 2d 1138, 1141-43 (E.D. Mo. 1997) (same).

[2] Plaintiff also cites *Missouri Commission on Human Rights v. Red Dragon Restaurant, Inc.*, 991 S.W.2d 161 (Mo. App. 1999), but that case does not address the waiver question at issue here.

2

in *Dean* noted that the doctor-patient privilege would have been waived had the claim required medical proof:

> Of a different sort are mental distress injuries claimed in common law tort cases where there has been no physical injury. *Bass v. Nooney*, 646 S.W.2d 765 (Mo. banc 1983), recognized the common law tort claim of negligent infliction of mental distress, unaccompanied by physical injury. To establish such a claim, the plaintiff must show a medically diagnosed condition that resulted from the negligent act. The very nature of the claim, and the necessity for medical proof, would waive a claim of privilege. By contrast, courts have held, after *Bass*, that for intentional torts no medical testimony is needed to show mental or emotional distress.

*Id.* at 568 (citations omitted).

Here, the very nature of Plaintiff's disability claim requires medical proof. Plaintiff's counsel seemed to concede this during the status conference by stating that Plaintiff's treating psychologist's records are relevant and discoverable. Furthermore, the existence of a disability is an "essential element" of a disability claim under the MHRA. *Hervey v. Mo. Dep't of Corr.*, 379 S.W.3d 156, 165 (Mo. banc 2012) (the verdict-directing instruction must require the jury to find that the plaintiff was disabled). "Disability" may be proved in a number of ways, such as showing "a physical or mental impairment which substantially limits one or more of a person's major life activities" or by showing that he or she is "regarded" as having such an impairment. Mo. Rev. Stat. § 213.010; *Mo. Approved Jury Instructions (Civil)*, § 38.07. The only theory of disability pled in the Amended Complaint is that Plaintiff "suffers from anxiety and depression, both impairments that substantially limit at least one major-life activity." (Doc. 28 at 9 ¶ 67.)

During the status conference, Defendant stated that it contested the disability issue. Unlike Plaintiff's allegation of "garden variety" emotional distress, she will need to submit medical proof of her disability to succeed on her claim. As a result, Plaintiff has waived her doctor-patient privilege. *See also Brandt v. Med. Def. Assocs.*, 856 S.W.2d 667, 674 (Mo. banc 1993) ("[I]t is not human, natural, or understandable to claim protection from exposure by asserting a privilege for communications to doctors at the very same time when the patient is parading before the public the mental or physical condition as to which he consulted the doctor by bringing an action for damages arising from that same condition.") (quoting *McCormick on Evidence*, § 103).

## II. Overbreadth

The remaining question is whether all records sought are relevant and proportional under Rule 26 of the Federal Rules of Civil Procedure. "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality concerns "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The party objecting to discovery must show specifically how each discovery request is irrelevant or otherwise not subject to discovery. *See* Fed. R. Civ. P. 34(b); *Banks*, 2018 WL 4558477, at *1.

Plaintiff argues that the records sought by Defendant are overbroad because they seek highly sensitive information (e.g., treatment notes); records from her primary care physician and other medical providers who have no connection with her chronic anxiety and depression; and records that pre-date her employment. As discussed above, Plaintiff placed her anxiety and depression directly in issue by filing her disability discrimination claim. For this reason, her medical records relating to her anxiety and depression are relevant. This includes medical records prior to her employment period, which may still be relevant to whether she suffered a disability. Furthermore, Defendant has submitted excerpts of Plaintiff's deposition showing that her primary care physician (and perhaps others within that doctor's office) treated her for anxiety and depression. While the Court generally agrees Plaintiff does not need to disclose medical information unrelated to these conditions, she has failed to carry her burden of showing with specificity which records should be withheld from production on relevance grounds.

Finally, the Court is not suggesting any of these records will necessarily be admissible at trial or that they should be available to the public. Plaintiff's privacy concerns can be addressed to some degree by entry of a protective order. The Court will direct the parties to submit a joint motion for protective order, and a proposed protective order, prior to production of medical records.

## Conclusion

Accordingly, the Court **ORDERS** Plaintiff to either produce her medical records relating to her anxiety and depression or execute an authorization for Defendant to obtain these records directly from her medical providers, in a timely fashion. The Court further directs the parties to

file a joint motion for protective order, and a proposed protective order, for entry prior to the production of Plaintiff's medical records.

    **IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: August 10, 2020